E. P. FAIRMAN *vs.* L. S. FORD.

May Term, 1897.

Present:  Ross, C. J., Rowell, Tyler, Munson, Start and Thompson, JJ.

*Pleading.*

An allegation that the defendant undertook to lay a tin roof "well, carefully and skillfully, shutting out all rain and water," does not permit a recovery upon evidence of an absolute undertaking to make a tight roof, and the defendant is liable only for want of care and skill. Hence if his failure to make a tight roof was due to faults in the plan of construction imposed by the plaintiff, he is excused, although he contracted with reference to that plan.

Special Assumpsit.  Plea, the general issue.  Trial by jury at the December Term, 1896, Caledonia County, *Taft,* J., presiding.  Verdict and judgment for the defendant.  The plaintiff excepted.

The second count of the declaration alleged that the defendant, in consideration of his employment by the plaintiff, undertook to lay upon the plaintiff's roof a certain quantity of tin, "well, carefully and skillfully, shutting out all rain and water;" and that he failed therein and laid the tin "so negligently and unskillfully that it did not stop the rain and water from going through said roof," whereby the plaintiff was damaged as particularly set forth.

The plaintiff's evidence tended to show that the defendant undertook absolutely to make a tight roof.

*W. P. Stafford* for the plaintiff.

*Albert Perley* and *Bates, May & Simonds* for the defendant.

Munson, J.  The plaintiff claimed that he could recover under his second count for the failure to make a tight roof, whether the leakage resulted from negligent and unskillful

workmanship, or from defects in the plan of construction; but the court charged otherwise. It is probable that the plaintiff's evidence was such as entitled him to the charge requested, if the allegations of his declaration permitted a recovery on the ground indicated; for his evidence tended to show that the defendant undertook the work with special reference to the character of the roof, and guaranteed a tight covering. It is clear that the count relied upon proceeds on the ground of unskillful workmanship, and not for the breach of a special agreement. But the plaintiff claims that the count is so framed as to make the defendant chargeable with insufficient skill if he failed to make the roof tight, whatever the cause of the failure. The defendant's undertaking is alleged to have been, "to lay and put on said tin roofing well, carefully and skillfully, shutting out all rain and water, and in every way in a good and workmanlike manner." The plaintiff's theory is that the reference to keeping out rain measures the skill which the defendant undertook to exercise, and that if he failed to keep out the rain his work was not done with the required skill. But we think the words relied upon can be given no other effect, as used, than to require work that would keep out the rain as completely as the construction of the roof would permit. The count contains no allegation of a special undertaking, to give the words a broader meaning. It charges nothing on the ground of an obligation distinct from the requirements of good workmanship. The plaintiff's claim is, in effect, to recover upon an express undertaking to overcome the faults of construction. The declaration will not permit this.

*Judgment affirmed.*